ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| FRANCISCO J. OLMO VELAZQUEZ<br><br>Recurrido<br><br>v.<br><br>CULTIVOS DE SALUD, LLC.<br><br>Recurrente | **TA2025RA00242** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm.: AC-24-331<br><br>Sobre: Despido Injustificado (Ley 90); Licencia por Vacaciones (Ley núm. 180-1998) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece Cultivos de Salud, LLC (Cultivos de Salud o parte recurrente) mediante el presente recurso de *Revisión Administrativa* y solicita que revoquemos la *Resolución y Orden* emitida por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos de Puerto Rico (OMA), el 8 de septiembre de 2025, notificada el 13 de septiembre de 2025. En el referido dictamen, la OMA ordenó a Cultivos de Salud a compensar al Sr. Francisco J. Olmo Velázquez (señor Olmo o parte recurrida) la suma de $13,536.00 por concepto de despido injustificado y licencias de vacaciones.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la *Resolución y Orden* de la OMA.

### **I.**

El 22 de enero de 2025, el señor Olmo presentó una *Querella (*Núm. AC-24-331), contra Cultivos de Salud en

la OMA sobre despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976, *Ley Sobre Despidos Injustificados*, 29 LPRA sec.185a, y sobre licencia de vacaciones bajo Ley Núm. 180-1998, *Ley de Vacaciones y Licencia por Enfermedad en Puerto Rico*, 29 LPRA sec.250.[1]

El 12 de junio de 2025, la OMA emitió la *Notificación de Querella y Vista Administrativa* a la parte recurrente. En esta, realizó varias advertencias sobre los procesos en la agencia administrativa. Por ello, apercibió a Cultivos de Salud a que presentaran su contestación a la querella dentro del término de diez (10) días siguientes a su recibo en la Secretaría de la OMA. En caso de no hacerlo, el Juez Administrativo emitiría una resolución en su contra, a instancia del recurrido, concediendo el remedio solicitado. Añadió que, la contestación debía ser presentada utilizando el correo electrónico de la OMA o a su dirección postal. De igual forma, disponía que debía notificar de manera simultánea a la parte querellante y a su representante legal.

El 7 de julio de 2025, Cultivos de Salud le curso a las partes del pleito su *Contestación a Querella*.[2] En esencia, negó que el señor Olmo hubiese sido despedido injustificadamente. Del mismo modo, negó que el recurrido tuviese el privilegio a licencia por vacaciones dado que era un contratista independiente. Por tal razón, adujo que no poseía causa de acción alguna bajo la Ley Núm. 80 de 30 de mayo de 1976, *supra,* y la Ley Núm. 180-1998, *supra*.

---

[1] Véase, Exhibit 1 y 2 del Recurso de *Revisión Administrativa*.
[2] Véase, Exhibit 3 del Recurso de *Revisión Administrativa*.

Así las cosas, el 6 de agosto 2025, durante la celebración de la vista administrativa, la Jueza Administrativa informó que en el expediente administrativo no obraba la contestación a la querella, a pesar de que estaba el acuse de recibo de la parte recurrente, el cual indicaba que había recibido la notificación el 20 de junio de 2025. Como consecuencia, el señor Olmo solicitó le fuera anotada la rebeldía y dictara resolución a su favor. Asimismo, el recurrido mencionó que había recibido la contestación a la querella el 7 de julio de 2025, sin embargo, ya había vencido el término para su presentación.

El 8 de septiembre de 2025, la OMA emitió la *Resolución y Orden* recurrida.[3] Mediante esta, declaró *Con Lugar* la reclamación solicitada por el señor Olmo sobre anotación de rebeldía contra Cultivo de Salud, debido a que no contestó la querella presentada dentro del término establecido por la ley y el reglamento. Asimismo, la OMA emitió las siguientes determinaciones de hecho:

1. La parte querellante, Francisco J. Olmo Velázquez, laboró para Cultivos de Salud, LLC, desempeñándose como encargado de cultivo y trabajo en general.

2. La relación laboral entre las partes comenzó el 1 de junio de 2022 y culminó el 22 de enero de 2024.

3. El querellante fue despedido el 22 de enero de 2024.

4. El querellante acudió al Negociado de Normas de Trabajo, componente investigativo del Departamento del Trabajo que realizó investigación de la reclamación y preparó el Formulario NNT-325-DP-Ley 4, Cómputos de Reclamaciones, Despido Injustificado, y el Formulario NNT-325, Hoja de Cómputo de Reclamaciones de Vacaciones.

---

[3] Véase, Exhibit 1 del Recurso de *Revisión Administrativa*.

5. Conforme se desprende del Formulario NNT-325-DP-Ley 4, Cómputos de Reclamaciones, Despido Injustificado, el salario más alto devengado por el querellante fue de DIECIOCHO DÓLARES ($18.00) por hora.

6. Conforme se desprende del Formulario NNT-325-DP-Ley 4, Cómputos de Reclamaciones, Despido Injustificado, el querellante trabajaba una jornada de cuarenta (40) horas semanales, y recibía una remuneración semanal de SETECIENTOS VEINTE DÓLARES ($720.00).

7. Conforme se desprende del Formulario NNT-325-DP-Ley 4, Cómputos de Reclamaciones, Despido Injustificado, la indemnización total de la que el querellante es acreedor por concepto de despido injustificado asciende a DIEZ MIL OCHENTA DÓLARES ($10,080.00).

8. Conforme se desprende del Formulario NNT-325, Hoja de Cómputo de Reclamaciones de Vacaciones, el querellante acumuló y no disfruto cuarenta y ocho (48) horas de licencia por vacaciones, durante el período del 1 de junio de 2022 hasta el 31 de mayo de 2023, equivalentes a OCHOCIENTOS SESENTA Y CUATRO DÓLARES ($864.00), sin incluir la penalidad dispuesta por ley.

9. Conforme se desprende del Formulario NNT-325, Hoja de Cómputo de Reclamaciones de Vacaciones, el querellante acumuló y no disfrutó cuarenta y ocho (48) horas de licencia por vacaciones, durante el período del 1 de junio de 2023 hasta el 22 de enero de 2024, equivalentes a OCHOCIENTOS SESENTA Y CUATRO DÓLARES ($864.00), sin incluir la penalidad dispuesta por ley.

10. La relación laboral entre la parte querellante y el patrono querellado terminó sin que este último le compensara al querellante las vacaciones adeudadas.

11. El 9 septiembre de 2024 y el 26 de septiembre de 2024, el Negociado de Normas de Trabajo, cursó reclamaciones extrajudiciales requiriendo el pago de las reclamaciones mediante cartas cobro dirigidas a: el patrono querellado, el Agente Residente, y el representante legal del patrono.

12. Según el portal en línea del Registro de Corporaciones del Departamento de Estado de Puerto Rico, el Agente Residente de Cultivos de Salud, LLC, es Ismael Toro Grajales, y la dirección postal de la

entidad es: Calle 3 #C-8 Calle 3, Urb. Santa Cruz, Bayamón, PR 00961.

13. La NOTIFICACIÓN DE QUERELLA Y VISTA ADMINISTRATIVA fue remitida mediante correo certificado a la siguiente dirección postal: Calle 3 #C-8 Calle 3, Urb. Santa Cruz, Bayamón, PR 00961.

14. El patrono querellado recibió la NOTIFICACIÓN DE QUERELLA Y VISTA ADMINISTRATIVA el 20 de junio de 2025.

15. El patrono querellado no contestó la querella.

Así pues, la OMA concluyó que la *Notificación de Querella y Vista Administrativa* había sido presentada a Cultivos de Salud el 20 de junio de 2025, por lo que, tenía hasta el 30 de junio de 2025 para presentar su contestación a la querella, lo cual no lo hizo. Añadió que, Cultivos de Salud no presentó una solicitud de prórroga y reconoció no haber presentado su alegación responsiva ante el foro. Por tal razón, la agencia administrativa determinó que procedía anotar rebeldía a Cultivos de Salud.

Del mismo modo, la OMA resolvió que Cultivos de Salud no logró refutar los hechos presentados por el recurrido, por consiguiente, concluyó que el señor Olmo era acreedor de la indemnización reclamada por despido injustificado equivalente a $10,080.00 y las horas de vacaciones reclamadas con la penalidad estatutaria ascendiente a $3,456.00. En fin, ordenó a Cultivos de Salud a compensarlo por la suma de $13,536.00 por concepto de despido injustificado y licencias de vacaciones.

Inconforme, el 22 de septiembre de 2025, Cultivos de Salud presentó recurso de epígrafe y nos planteó la comisión de los siguientes errores:

1. Erró el Departamento del Trabajo y Recursos Humanos al declarar rebeldía pese a que la parte querellada contestó la querella en tiempo.

2. Erró el Departamento del Trabajo y Recursos Humanos al no reconocer que la parte querellante y sus abogados recibieron notificación efectiva de la contestación.

3. Erró el Departamento del Trabajo y Recursos Humanos al violar el debido proceso de ley, privando a la parte querellada de su derecho a ser oída.

4. Erró el Departamento del Trabajo y Recursos Humanos al aplicar un formalismo excesivo incompatible con la naturaleza sumaria de la Ley Núm. 2.

5. Erró al imponer la sanción de rebeldía de forma desproporcionada y automática, en lugar de adjudicar en los méritos.

El 23 de septiembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en nuestro Reglamento para que presentara su alegato en oposición.

Así las cosas, el 14 de octubre de 2025, el señor Olmo presentó su *Alegato en Oposición a Recurso de Revisión*.

Con la comparecencia de todas las partes, procedemos a atender el recurso ante nuestra consideración.

## II.

### -A-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.,* dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en

determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM*, 178 DPR 164, 175 (2010). Por lo tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (a) el remedio concedido por la agencia fue apropiado; (b) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y (c) si las conclusiones de derecho del ente administrativo fueron correctas, ello mediante una revisión completa y absoluta. Secc. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675. Véase, además: *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar la deferencia a las determinaciones administrativas. En específico, ha expresado que la deferencia cederá cuando: (a) la decisión no está basada en evidencia sustancial; (b) el organismo administrativo ha errado en la aplicación de la ley, y (c) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v.*

*DRNA*, 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión*, supra.

De otra parte, nuestro Tribunal Supremo en *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025), adoptó el razonamiento del Tribunal Supremo Federal en *Loper Bright Enterprises et al., v. Raimondo*, 603 US 369 (2024), 144 S.Ct. 2444, al contemplar la función que ha de asumir el foro judicial ante la revisión de las determinaciones administrativas. El Tribunal Supremo de Puerto Rico indicó que los jueces tienen un mandato legislativo de revisar las actuaciones administrativas, el cual se debe cumplir cabalmente. *Vázquez v. Consejo de Titulares*, supra. Añadió que, aunque en reiteradas ocasiones ha expresado que las conclusiones e interpretaciones de las agencias merecen gran deferencia y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente, no obstante, no equivale a una renuncia de nuestra función revisora. Por ello, concluyó que:

> [...] la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Íd*.

**−B−**

La Oficina de Mediación y Adjudicación del Departamento del trabajo y Recursos Humanos de Puerto Rico (OMA) existe en virtud de la Ley Núm. 15 de 14 de abril de 1931, según enmendada, 11 3 LPRA sec. 304 *et*

*seq*. Así, y de forma cónsona con los postulados de la LPAU, el Secretario del Departamento del Trabajo y Recursos Humanos se encuentra facultado en ley para establecer procedimientos adjudicativos con el propósito de ventilar y resolver reclamaciones de trabajadores, que versen sobre salarios, vacaciones, licencias, así como sobre otros beneficios y condiciones de empleo.

Los procedimientos administrativos que se ventilan ante la OMA se rigen por el Reglamento Núm. 7019 del 11 de agosto de 2005, conocido como el *Reglamento de Procedimientos de Mediación y Adjudicación* de la OMA. Este contiene garantías procesales mínimas para salvaguardar el debido proceso de ley que cobija a la parte querellada. Por ejemplo, la Regla 5.5 del Reglamento Núm. 7019 codifica el derecho de contestar la querella, dentro del término de diez (10) días desde su notificación. Del mismo modo, la Regla 5.5 del Reglamento Núm. 7019, establece que la parte querellada puede solicitar una prorroga al término de diez (10) días para contestar la querella. En específico, dispone que la parte querellada podrá solicitar la prórroga si posee justa causa para ello, dentro del término de los diez (10) días establecidos para contestar y debe estar juramentada.

Asimismo, es necesario destacar que, según dispuesto en la Regla 5.6, en caso de que el querellado omita contestar la querella, el Juez Administrativo o la Jueza Administrativa de la OMA cuenta con autoridad para dictar una *Resolución* concediendo el remedio solicitado por el querellante, en cuyo caso el querellado contaría con diez (10) días, que comienzan a transcurrir a partir de la notificación de la *Resolución*, para acudir al

Tribunal de Apelaciones y solicitar la revisión de los procedimientos.

-C-

Nuestro ordenamiento jurídico no prohíbe absolutamente el despido de un empleado, sino que castiga el despido sin justa causa. *Rivera Figueroa v. The Fuller Brush Co*, 180 DPR 894 (2011). Por un lado, la Ley Núm. 80 de 30 de mayo de 1976, *supra,* regula las circunstancias en que un patrono privado puede despedir a un empleado. La referida ley es una legislación reparadora, por lo cual hay que interpretarla liberalmente a favor de los derechos del trabajador. *Irizarry v. J & J Cons. Prods. Co., Inc.,* 150 DPR 155, 164 (2000).

En su Artículo 1, la Ley Núm. 80 de 30 de mayo de 1976, *supra*, establece que todo empleado de comercio, industria o cualquier otro negocio que sea contratado sin tiempo determinado, pero con remuneración y fuere despedido de su cargo sin causa justa, tendrá derecho a recibir de su patrono una indemnización como remedio exclusivo. Esta compensación se conoce como la mesada y su cuantía dependerá del tiempo que el empleado ocupó su puesto y del sueldo que devengaba. *Íd.*

Además, el Artículo 2 de la Ley Núm. 80 de 30 de mayo de 1976, *supra,* define "justa causa" como "aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono."

De acuerdo con la Ley Núm. 80-1976, *supra,* se presume que todo despido es injustificado a menos que responda a las excepciones provistas en el Artículo 2 de la referida ley. 29 LPRA sec. 185b. Además, dicha presunción debe ser rebatida por el patrono mediante

preponderancia de la prueba, es decir, demostrar lo contrario, por ello, que hubo justa causa. *Orsini v. Srio de Hacienda*, 177 DPR 596 (2009).

-D-

La Ley Núm. 2 de 17 de octubre de 1961, *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118, establece un mecanismo sumario mediante el cual los obreros pueden establecer reclamaciones contra sus patrones por servicios prestados. Sobre el término establecido para la comparecencia del patrono al pleito, la Sección 3 de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3120, establece que:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que **deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.** Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.
>
> El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que

dispongan las Reglas de Procedimiento Civil para esos casos.

[…] (Énfasis nuestro).

-**E**-

El Artículo 4 de la Ley Núm. 180-1998, *Ley de Vacaciones y Licencia por Enfermedad de Puerto Rico*, 29 LPRA sec. 250d, establece que:

(a) Todo empleado tendrá derecho a una acumulación mínima de licencia para vacaciones y por enfermedad al trabajar por lo menos ciento treinta (130) horas al mes. La acumulación mensual mínima para licencia por vacaciones será medio (1/2) día durante el primer año de servicio; tres cuarto (3/4) de día después del primer año de servicio hasta cumplir cinco (5) años de servicio; un (1) día después de cinco (5) años de servicio hasta cumplir los quince (15) años de servicio; y uno y un cuarto (1 1/4) de día después de cumplir los quince (15) años de servicio. La acumulación mensual mínima para licencia por enfermedad será de un (1) día por cada mes. No obstante, en los casos de los patronos residentes de Puerto Rico cuya cantidad de empleados no exceda de doce (12), la acumulación mensual mínima para la licencia por vacaciones será medio (1/2) día al mes. Esta excepción estará disponible para el patrono mientras la cantidad de empleados no exceda de doce (12) y cesará al año calendario siguiente a la que la nómina del patrono excede doce (12) empleados durante más de veintiseis (26) semanas en cada uno de los dos (2) años calendarios consecutivos. La acumulación mensual mínima de licencia por enfermedad para los empleados de estos patronos será de un (1) día por cada mes. El uso de licencias por vacaciones y enfermedad se considerará tiempo trabajado para fines de la acumulación de estos beneficios.

(b) El tiempo de licencia por vacaciones y enfermedad se acumulará a base del día regular de trabajo en el mes en que ocurrió la acumulación. Para empleados cuyos horarios fluctúan, el día regular de trabajo se determinará dividiendo el total de horas regulares trabajadas en el mes entre el total de días trabajados. Para los empleados cuyos horarios de trabajo no se pueden determinar, se computará a base de días de ocho (8) horas regulares.

Por otro lado, el Artículo 9 de la Ley Núm. 180-1998, 29 LPRA sec. 250i, establece un procedimiento

cuando el patrono incumple con el pago de estas licencias, al respecto dispone:

> (a) Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en esta Ley o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional, además de los costos, gastos, intereses y honorarios de abogados del procedimiento, sin que para nada de ello obste pacto en contrario.

> (b) Podrán acumularse en una sola acción las reclamaciones que tuvieren varios o todos los trabajadores o empleados contra un patrono común por trabajos realizados en el mismo establecimiento, empresa o sitio.

> (c) Las reclamaciones podrán tramitarse por acción ordinaria o mediante cualquier procedimiento para reclamación de salarios que se establezcan en otras leyes de Puerto Rico.

> (d) En relación con el cumplimiento de esta Ley, el Secretario del Trabajo y Recursos Humanos podrá demandar a iniciativa propia, o a instancia de uno o más trabajadores o empleados con interés en el asunto, y en representación y para beneficio de uno o más de los mismos que se encuentren en circunstancias similares, el pago de cualquier suma que se les adeude por salarios, compensación adicional, intereses, costos, gastos y honorarios de abogado que el inciso (a) de este artículo indica. Cualquier obrero con interés en el asunto podrá constituirse en demandante en todo pleito que así se promueva por el Secretario del Trabajo y Recursos Humanos.

> (e) El Secretario del Trabajo y Recursos Humanos podrá constituirse en demandante o interventor en toda acción o procedimiento judicial que cualquiera persona interponga en relación con esta Ley.

-**F**-

La Regla 45 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45, "permite que el tribunal *motu proprio*, o a solicitud de parte, le anote la rebeldía a

la otra por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción". *Bco. Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). El propósito de este mecanismo es evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). El efecto que tiene la anotación de rebeldía es dar por ciertos los hechos correctamente alegados por la parte promovente del pleito. *Bco. Popular v. Andino Solís*, *supra*. No obstante, el Tribunal Supremo ha expresado que lo anterior no impide a los foros evalúen si las acciones presentadas ameritan la concesión de un remedio. *Íd.*

## III.

En el caso de autos, Cultivos de Salud nos solicita que revoquemos la *Resolución y Orden* emitida por la OMA el 8 de septiembre de 2025, notificada el 13 de septiembre de 2025. Mediante esta, le fue anotada la rebeldía y le ordenaron a compensar al recurrido la suma de $13,536.00 por concepto de despido injustificado y licencias de vacaciones.

En su escrito, realizaron cinco (5) señalamientos de error que, por estar íntimamente relacionados entre sí, los discutiremos en conjunto. En esencia, apuntan a que el foro apelado incidió al anotarle la rebeldía pese a que contestaron la querella a tiempo. Por lo que, sostienen que la OMA incidió al violar su debido proceso de ley, privándolos de su derecho a ser oído.

La LPAU en su Sección 4.5, *supra*, establece que un Tribunal: (1) concederá el remedio apropiado al recurrente si determina que tiene derecho al mismo; (2) sostendrá las determinaciones de hechos realizadas por

el organismo administrativo si se basan en evidencia sustancial que emane del legajo administrativo; y (3) revisará en todos sus aspectos las conclusiones de derecho emitidas por la agencia.

Por otro lado, la Ley Núm. 80-1976, *supra*, establece una causa de acción para aquel empleado que haya sido despedido sin justa causa de su empleo contra su patrono. Mientras, que la Ley Núm. 180-1998, *supra*, establece un mecanismo mediante el cual un obrero puede solicitar a su patrono la concesión de licencias de vacaciones.

Del mismo modo, mediante la Ley Núm. 2-1961, *supra*, dispone un mecanismo sumario mediante el cual los obreros pueden establecer reclamaciones contra sus patrones por servicios prestados. Bajo este estatuto, el Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de esta al abogado de la parte querellante, dentro de diez (10) días después de la notificación. De manera similar, la Regla 5.5 del Reglamento Núm. 7019 de la OMA, *supra*, establece que la parte querellada tendrá que presentar la contestación a la querella dentro del término de diez (10) días desde su notificación. A su vez, dispone que la parte querellante puede solicitar prórroga para contestar la querella, solamente si posee justa causa para ello, tiene que ser dentro del término de los diez (10) días establecidos para contestar y debe estar juramentada. Finalmente, en la Regla 5.6 del Reglamento Núm. 7019 de la OMA, *supra*, dispone que en el caso de que el querellado omita contestar la querella, el Juez

Administrativo de la OMA cuenta con autoridad para dictar una *Resolución* concediendo el remedio solicitado por el querellante.

En los hechos ante nuestra consideración, la OMA emitió a la parte recurrente una *Notificación de Querella y Vista Administrativa* el 12 de junio de 2025, con matasellos del 16 de junio de 2025.[4] La OMA apercibió a la parte recurrente sobre lo siguiente:

> 1. Deberá presentar su contestación a la querella en el término de diez (10) días siguientes a su recibo en la Secretaria de la OMA. En caso de no hacerlo, el Juez Administrativo emitirá resolución en su contra, a instancia del querellante, concediendo el remedio solicitado mediante resolución y orden que será final. **La contestación deberá ser presentada utilizando el correo electrónico de la OMNA (oma@trabajo.pr.gov), o a la siguiente dirección postal Oficina de Mediación y Adjudicación, Departamento del Trabajo y Recursos Humanos, PO Box 195540, San Juan, Puerto Rico 00919-5540.** La parte querellada deberá notificar simultáneamente a la parte querellante y su representante legal, a quienes se identifican en la sección de *Certificación* de este documento.
>
> […]
>
> 4. Podrá solicitar una extensión al término de diez (10) días para presentar su contestación a la querella si posee causa o razón justificada para ello. No obstante, concedidos para presentar la contestación a la querella y **deberá estar juramentada por la parte, representante u oficial autorizado que la solicita.** De no cumplir con estos tres (3) requisitos, la solicitud de prórroga para contestar la querella será denegada de plano.

El 6 de agosto de 2025, en la celebración de la vista administrativa, la OMA hizo constar que del expediente administrativo no obraba una contestación a la querella por parte del recurrente, a pesar de que si obraba un acuse de recibo de la *Notificación de Querella*

---

[4] Véase, *Notificación de Querella y Vista Administrativa* en los anejos del *Alegato de la Parte Querellante-Recurrida*, págs. 1-21.

*y Vista Administrativa* con fecha del 20 de junio de 2025.[5] Por su parte, el señor Olmo solicitó a la OMA que le anotara rebeldía al recurrente y que dictase resolución a su favor.[6] La parte recurrente expresó que había sido notificada de la existencia de la querella el 20 de junio de 2025, pero que la misma fue notificada a su representación legal el 24 de junio de 2025.[7] Del mismo modo, alegó que presentó su contestación a la querella el 7 de julio de 2025.[8]

Luego de evaluar el expediente administrativo, concluimos que no incidió la OMA, por lo que, procedía anotarle la rebeldía a la parte recurrente. Esto es así, pues del expediente administrativo no surge que Cultivos de Salud haya contestado la querella dentro del término de diez (10) días establecidos en la Ley Núm. 2 de 17 de octubre de 1961, *supra*, y la Regla 5.5 del Reglamento Núm. 7019 de la OMA, *suprai,* ni que hayan solicitado una prórroga.

Del expediente administrativo surge que la parte recurrente incumplió con las directrices del organismo administrativo esbozadas en la *Notificación de Querella y Vista Administrativa* realizada el 20 de junio de 2025, al no presentar la contestación a la querella ante el foro administrativo dentro del término establecido. Por tanto, no le asiste razón a la parte recurrente en sus señalamientos de error y no erró la OMA al anotarle la rebeldía.

---

[5] Véase, *Minuta Resolución Interlocutoria* en los anejos del *Alegato de la Parte Querellante-Recurrida*, págs.1-4.
[6] *Íd.*
[7] *Íd.*
[8] Véase, *Minuta Resolución Interlocutoria* en los anejos del *Alegato de la Parte Querellante-Recurrida*, págs.1-4.

### IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Resolución y Orden* de la OMA.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones